IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| BRAD LESLIE JUSTICE and TANYA JEAN JUSTICE, <br><br>*Plaintiffs*, <br><br>v. <br><br>BRIAN MOREAU, JANA PAIGE PATTILLO, FRANCISCO RANGEL, and UNKNOWN SUPERVISORS, <br><br>*Defendants*. | § § § § § § § § § § § § § CIVIL ACTION NO. 9:24-CV-156-MJT |

### ORDER OVERRULING PLAINTIFFS' OBJECTIONS AND ADOPTING THE REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiffs Brad Leslie Justice and Tanya Jean Justice filed suit against Defendants the Honorable Brian Moreau, Jana Paige Pattillo, Francisco Rangel, and Unknown Supervisors alleging violations of their federal constitutional and statutory rights arising from a traffic stop. [Dkt 1]. The District Court referred this case to the Honorable Christine L. Stetson, United States Magistrate Judge, to conduct all pretrial proceedings, to enter findings of fact and recommend disposition on case-dispositive matters, and to determine non-dispositive matters. *See* 28 U.S.C. § 636(b)(1); E.D. Tex. Loc. R. CV-72.

Before Judge Stetson was Defendant Francisco Rangel's Rule 12(b) Motion to Dismiss [Dkt. 8], Defendants the Honorable Brian Moreau's and Jana Paige Pattillo's Rule 12(c) Motion to Dismiss [Dkt. 17], and Plaintiffs Brad Leslie Justice's and Tanya Jean Justice's Motion to Set Hearing [Dkt. 15]. On January 23, 2025, Judge Stetson issued a Report and Recommendation [Dkt. 19] advising the Court to grant Defendants' Motions to Dismiss [Dkts. 8, 17] and deny as

moot Plaintiffs' Motion to Set Hearing [Dkt. 15]. On February 13, 2025, Plaintiffs filed timely objections [Dkt. 23] to the Report and Recommendation [Dkt. 19].[1]

### I. Plaintiffs Brad Leslie Justice's and Tanya Jean Justice's Objections, *id.*, to the Report and Recommendation are Overruled [Dkt 23]

A party who timely files specific, written objections to a magistrate judge's report and recommendation is entitled to a *de novo* determination of findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2)–(3). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. "Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1412 (5th Cir. 1996) (en banc).

As an initial matter, Plaintiffs' objections fail to specifically identify where in the Report and Recommendation the Magistrate Judge allegedly erred in considering the facts or applying the law. *See* [Dkt. 23]. Plaintiffs simply recite constitutional text and case law without reference to the Report and Recommendation or the facts of this case. *See id.* Nonetheless, the Court will conduct a *de novo* review of the findings and recommendations of the Report and Recommendation [Dkt. 19] to which Plaintiffs have understandably objected.

Plaintiffs' only detectable objection is to Defendants' "claims of immunity." [Dkt. 23, ¶ 4]. This ostensibly refers to Defendants' invocations of Eleventh Amendment state sovereign

---

[1] Plaintiffs filed a Motion for Summary Judgement [sic] [Dkt. 18] the day before the Magistrate Judge issued her Report and Recommendation [Dkt. 19]. Even were the Court to construe this motion as additional objections to the Report, it does not alter the outcome.

immunity, as well as judicial and prosecutorial immunities. [Dkt. 19 at 11]. What follows, however, are only two discernable assertions: (1) 42 U.S.C. § 1983 encompasses violations of federal *and* statutory law; and (2) municipalities are not absolutely immune under 42 U.S.C § 1983 and may be held liable under the statute. [Dkt. 23, ¶ 4]. Plaintiffs completely fail to demonstrate the effect these claims have on the factual and legal analysis in the Report. *See id*. Only Plaintiff Tanya Jean Justice's official capacity claims against Defendant Pattillo touched upon these issues. [Dkt. 19 at 17–22]. Cautiously assuming that Defendant Pattillo was not entitled to Eleventh Amendment state sovereign immunity, the Magistrate Judge concluded that Plaintiff Tanya Jean Justice failed to state a *Monell* claim because she did not allege that the relevant municipal actor had a policy, practice, or custom that was the moving force behind her allegedly violated rights, which the Magistrate Judge also had to presuppose because of conclusory pleading. *Id.* at 20–22. Plaintiffs' objections do not acknowledge this finding, let alone substantively engage with it. *See* [Dkt. 23].

The Court has conducted a *de novo* review of Plaintiffs' objections consistent with the pleadings, briefing, and applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, Plaintiffs' objections [Dkt. 23] are OVERRULED. The Report and Recommendation of the United States Magistrate Judge [Dkt. 19] is ADOPTED as to Defendants' Motions to Dismiss [Dkts. 8, 17] and Plaintiff's Motion to Set Hearing [Dkt. 15].

## II. Order

For the foregoing reasons, Plaintiffs Brad Leslie Justice's and Tanya Jean Justice's Objections [Dkt. 23] are OVERRULED. Accordingly, the Report and Recommendation of the United States Magistrate Judge [Dkt. 19] is ADOPTED. Defendant Francisco Rangel's Rule 12(b) Motion to Dismiss [Dkt. 8] and Defendants the Honorable Brian Moreau's and Jana Paige

Pattillo's Rule 12(c) Motion to Dismiss [Dkt. 17] are GRANTED.  Plaintiffs Brad Leslie Justice's and Tanya Jean Justice's Motion to Set Hearing [Dkt. 15] is DENIED AS MOOT.

**SIGNED this 15th day of February, 2025.**

*[signature]*
Michael J. Truncale
United States District Judge